IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAWRENCE ROBERT FULMORE,

    Plaintiff,
v.                                                          CASE NO. 4:14-cv-683-RH-GRJ

MEDICAL DEPARTMENT, DOC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and is proceeding pursuant to an Amended Complaint, ECF No. 7. Plaintiff's claims stem from the medical care he received while confined in the Department of Corrections.[1] Plaintiff alleges that prison medical officials were deliberately indifferent to his serious medical needs, resulting in losing the sight in his right eye. The Court granted Plaintiff leave to proceed as a pauper and directed service of the Amended Complaint. This case is now before the Court on ECF No. 22, Defendants Deborah Hartsfield and Mary Pliskin's Motion to Dismiss or, Alternatively, For Summary Judgment. In the motion, Defendants request the Court to

---

[1] At the time the Complaint was filed in December 2014, Plaintiff was confined at Jefferson CI. Plaintiff was released from DOC custody in July 2015. ECF No. 24.

revoke Plaintiff's *in forma pauperis* status and to dismiss the case for abuse of the judicial process because Plaintiff failed, under penalty of perjury, to disclose his case filing history.  Defendants also move to dismiss the case for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b).

As the exhibits to the motion reflect, Plaintiff was not entitled to proceed as a pauper in this case at the time the case was filed because he is subject to the 28 U.S.C. § 1915(g) "three strikes" bar.  ECF No. 22, Exh. 1 & 2 (copy of *Fulmore v. Moore*, Case No. 3:99-cv-515-RV-MD, finding that Plaintiff was subject to the three-strikes bar and had failed to disclose his filing history, and dismissing case for abuse of the judicial process).  Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Further, Plaintiff failed to disclose *any* of his prior case filing history in any of the pleadings filed in this case, including the Second Amended Complaint filed on the Court's form that specifically requires such disclosure.  *See* ECF No. 7.  In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous

lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).

The Court ordered Plaintiff to show cause as to why the motion to dismiss should not be granted.  ECF No. 23.  Plaintiff filed a response reasserting his claim that the medical care he received resulted in blindness in his right eye.  Plaintiff does not dispute that he failed, under penalty of perjury, to disclose his prior case filing history, nor does he dispute that he was subject to the three-strikes bar when he filed the Complaint.  ECF No. 27.  To the extent that Plaintiff's response may be liberally construed as asserting that he satisfied the "imminent danger" exception to the three-strikes bar at the time he filed the complaint, he has failed to show any cause as to why the complaint should not be dismissed for his abuse of the judicial process.  *Id.*

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 22, should be **GRANTED** and this case should be  **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process

and pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS** this 31st day of December 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.